IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEVON SCOTT,

    *Petitioner*,

    v.

UNITED STATES OF AMERICA,

    *Defendant*.

Criminal No. ELH-12-0190
Civil No. ELH-16-707

## MEMORANDUM

This Memorandum resolves a motion to vacate under 28 U.S.C. § 2255, filed by the self-represented Petitioner, Devon Scott, on March 10, 2016. ECF 35 (the "Petition"). Three months later, on June 14, 2016, Petitioner filed a supplemental motion to vacate (ECF 39, "Supplemental Petition"), based on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015).[1]

Initially, the United States moved for a stay (ECF 37), because of pending court cases that, upon disposition, might provide clarity to the claims. The Court granted the stay. *See* ECF 38 (Order of March 14, 2016). However, by Order of November 22, 2017, I directed the government to respond to the Petition.

The government responded by way of a motion to dismiss. ECF 43. The Court subsequently received correspondence from Petitioner on December 12, 2017. ECF 45. By letter of the same date, I notified Petitioner of his right to file a reply to the government's motion to dismiss. *See* ECF 46. No reply was filed.

---

[1] In February 2016, Scott also filed a motion for reconsideration of sentence (ECF 32), akin to his Petition, which followed soon after. The Supplemental Motion was filed through a court appointed attorney in the Federal Public Defender's Office. ECF 34. However, on November 21, 2017, in light of the Supreme Court's decision in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017), the Federal Public Defender moved to withdraw from representation. ECF 40. I granted that motion. ECF 41.

Under 28 U.S.C. § 2255(b), the Court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). This is such a case. No hearing is necessary.

For the reasons stated below, I shall dismiss the Petition and deny the Supplemental Petition. A Certificate of Appealability shall not issue.

## I. Background

Devon Scott, Petitioner, entered a plea of guilty on November 21, 2012, to the offense of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(c). ECF 21. The plea was entered pursuant to a plea agreement. ECF 22. In particular, pursuant to ¶ 10 of the Plea Agreement, the guilty plea was entered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties stipulated to a sentence of 92 months' imprisonment as the appropriate disposition of the case.

At sentencing on March 19, 2013, the Court reviewed the advisory sentencing guideline calculations contained in the Presentence Report. ECF 25 ("PSR"). In addition, the Court reviewed the sentencing memorandum submitted by defense counsel. *See* ECF 26. The Court agreed with the advisory sentencing guideline calculations contained in the PSR, which were consistent with the calculations to which the parties had agreed, as set forth in ¶ 6 of the Plea Agreement. *See* ECF 22.

Specifically, Petitioner had a base offense level of 20, because he committed the underlying offense after having sustained one felony conviction for a crime of violence. *See* ECF 25, ¶ 16. That crime was an armed robbery. *See* ECF 25, ¶¶ 48-51. Two levels were added because the firearm at issue here was stolen, and four more levels were added because the firearm was possessed in connection with a robbery. ECF 25, ¶¶ 17, 18. After deductions for acceptance of responsibility (*id.* ¶¶ 24, 25), defendant was found to have a final offense level of 23, with 13

criminal history points,[2] and a criminal history category of VI. *See* ECF 25, ¶¶ 52-54. The defendant's advisory sentencing guidelines range called for a period of incarceration of 92 to 115 months.

Consistent with the terms of the C plea, the Court sentenced Petitioner to a term of imprisonment of 92 months. *See* ECF 29 (Judgment). No appeal was filed.

Some three years later, on March 10, 2016, Scott filed his Petition under 28 U.S.C. § 2255. ECF 35. In the Petition, he claims that his sentence was unlawfully enhanced based on a prior robbery conviction, the guidelines were miscalculated, and his attorney provided ineffective assistance for failing to object to the enhancement. On June 14, 2016, the Federal Public Defender filed a Supplemental Petition, asserting that the sentencing enhancement for a prior "crime of violence" conviction was unconstitutional in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). ECF 39.

In 2017, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017). Thereafter, the Federal Public Defender moved to withdraw as counsel. ECF 40. The Court granted that motion. ECF 41. The government's motion to dismiss followed on November 30, 2017. ECF 42.

## II.    Discussion

Section 2255(a) of Title 28 of the United States Code, under which Scott filed his Petition, provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

---

[2] Defendant also had prior convictions that did not score points. *See* ECF 25, ¶¶ 28, 30.

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same). Nevertheless, as indicated, no hearing is necessary to resolve the claims.

Under 28 U.S.C. § 2255(f), a post-conviction petition is subject to a one-year limitation period, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Thus, in order for the Petition or Supplemental Petition to be timely, they must have been filed "within one year from the date on which his judgment of conviction became final by the conclusion of direct review of expiration of the time for seeking such review." *United States v. Osborne*, 452 F. App'x 294, 295 (4th Cir. 2011). Here, the judgment was entered on March 19, 2013. ECF 29. Scott had fourteen days from that date to appeal the judgment. *See* Fed. R. App.

8.4(b)(1)(A). He did not do so. Therefore, the conviction became final on April 2, 2013. *See United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (where no appeal filed, conviction becomes final after time for filing appeal had lapsed). Petitioner had one year from April 2, 2013, to file his Petition pursuant to 28 U.S.C. § 2255. In other words, it must have been filed by April 2, 2014.

Scott filed his Petition on March 10, 2016, nearly two years later. The Petition is untimely under § 2255(f)(1), unless it is subject to equitable tolling.

Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States,* 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner need show only "reasonable diligence"; there is no requirement for "maximum feasible diligence." *Holland,* 560 U.S. at 653 (citation omitted).

There is no indication of any circumstance – must less an extraordinary one – that prevented Petitioner from timely filing his Petition. Scott was aware of the factual basis for his claims well before the filing of his Petition. Moreover, he has failed to provide any basis for equitable tolling of limitations as to the Petition.

In contrast, the Supplemental Petition, filed on June 14, 2016, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), was timely. *Johnson* was decided on June 26, 2015. It held the residual clause of the Armed Career Criminal Act unconstitutionally vague. *Id.* at 2557-58.

Under 28 U.S.C. § 2255(f)(3), the one-year period of limitations can run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Because the filing of the Supplemental Petition on June 14, 2016, was within one year of the *Johnson* decision, it was timely.

Nonetheless, Petitioner cannot prevail on the merits. In *Beckles*, 137 S. Ct. 886, the Supreme Court ruled that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Id.* at 890. And, "§ 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895. As the *Beckles* Court stated, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892.

Scott was not sentenced under the residual clause of the Armed Career Criminal Act. His offense level was calculated by taking into account a prior crime of violence. But, the Sentencing Guidelines are merely advisory; the sentencing court was not required to impose a guidelines sentence. The parties agreed to the sentence, however, under Rule 11(c)(1)(C).[3]

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order

---

[3] In any event, armed robbery is a crime of violence under the Sentencing Guidelines. *See United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (concluding that bank robbery is a crime of violence within the meaning of the force clause in 18 U.S.C. § 924(c)(3)).

adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[4] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

An Order follows.


Date:   December 11, 2018                              _____/s/_____
                                                      Ellen L. Hollander
                                                      United States District Judge

---

[4] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.